UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT VALLAR, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 12-CV-534 |
| UNITED STATES OF AMERICA, | ) ) Judge John W. Darrah |
| Respondent. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Robert Vallar, proceeding *pro se*, filed a motion for relief pursuant to 28 U.S.C. § 2255.[1] Vallar was granted an extension of time to file his reply brief, and the matter has been fully briefed. For the reasons provided below, Vallar's Motion is denied as moot, and the case is dismissed for lack of jurisdiction.

## BACKGROUND

On September 20, 2005, a federal grand jury returned a fifty-one-count indictment against seventeen individuals, including the Petitioner, Robert Vallar. *United States v. Vallar*, 635 F.3d 271, 277 (7th Cir. 2011). The indictment charged him with various offenses related to a drug conspiracy. *Id*. Vallar was arrested at his home on May 26, 2005. *Id*. Thereafter, he waived his *Miranda* rights and confessed to participating in the drug conspiracy. *Id*.

---

[1] Petitioner, along with his co-defendants, Eladio Pedroza, Sr. and Amador Hernandez, filed motions for relief pursuant to U.S.C. § 2255. *See United States v. Pedroza*, No. 12-cv-3843 (N.D. Ill.); *see United States v. Hernandez*, No. 12-cv-4335 (N.D. Ill.). The Government submitted a consolidated response. On November 13, 2012, Petitioner Vallar filed an amended motion; and the Government was ordered to file a supplemental response to Petitioner's amended motion. The motions of Petitioners Pedroza and Hernandez were ruled on under separate order. Both motions were denied. (No. 12-cv-3843 (N.D. Ill.), Docket Entry 14; No. 12-cv-4335 (N.D. Ill.), Docket Entry 13.)

On April 13, 2007, a jury found Vallar, and his two co-defendants, Eladio Pedroza, Sr. and Amador Hernandez, guilty on multiple counts. *Id*. On September 12, 2007, the district court sentenced Vallar to 151 months of imprisonment. *Id*.

Vallar filed a 28 U.S.C. § 2255 motion, on January 24, 2012 (the "Initial Motion.") In that motion, Vallar claimed his counsel was ineffective for four reasons regarding pretrial, trial and post-trial procedures, discussed below. Vallar then filed an Amended Motion on October 9, 2012. As a result, Vallar's Initial Motion became moot.

In his Amended Motion, Vallar claimed, for the first time, that he "was not properly advised of the benefits of pleading guilty by his trial attorney" because he "was not advised that he would be eligible for a 2-3 point reduction in his sentencing level" if he accepted the plea, and thus he proceeded to trial. (Pet.'s Amended Mot. at 13.) This newly raised claim is the only basis in Vallar's Amended Motion.

The Government asserts that Vallar's Amended Motion should be denied for two reasons: (1) that Vallar's claim is untimely filed; and (2) that Vallar's claim fails because he is unable to demonstrate that his attorney failed to advise him of the merits of a plea agreement, and he cannot demonstrate any prejudicial effect.[2]

---

[2] This matter was originally set for ruling on March 20, 2013; however, on that date, the Court granted Vallar leave to file a late reply brief because he had not received the Government's response brief. The reply brief does not contain anything not found in Vallar's Amended Motion.

## LEGAL STANDARD

Vallar seeks relief from his sentence under Section 2255, arguing he was denied the constitutional right to effective assistance of counsel under the Sixth Amendment. Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. The relief described here is available only if there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1992)). The district court must review the record and draw all reasonable inferences in favor of the government. *See Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). However, as Petitioner filed his petitions *pro se*, his petition is entitled to a liberal reading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Claims of ineffective assistance of counsel are reviewed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this test, a petitioner must show both: (1) that counsel's performance fell below an objective standard of reasonableness under the circumstances and (2) that the deficient performance prejudiced the defendant. *Id.* at 688-94. To establish prejudice, the petitioner must prove there is a reasonable probability the proceeding would have had a different result but for the errors of counsel. *Id.* With plea negotiations, "a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).

If a petitioner fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See Strickland*, 466 U.S. at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."). A district court's "review of the attorney's performance is 'highly deferential' and reflects 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (citation omitted); *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) ("Defense counsel is strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment.").

**ANALYSIS**

As mentioned above, Vallar asserts that he was deprived of the effective assistance of counsel when his counsel failed to advise him properly regarding the benefits of a guilty plea. Vallar is entitled to the effective assistance of competent counsel during plea negotiations. *See McMann v. Richardson,* 397 U.S. 759 (1970); *Hill v. Lockhart*, 474 U.S. 52 (1985). However, it must first be determined whether Vallar timely filed his Amended Motion.

*Section 2255 - Statute of Limitations*

Pursuant to Section 2255, a one-year "period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 (f). The one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

>     States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 (f). The last activity in Vallar's underlying case was the Seventh Circuit's mandate following his direct appeal of his conviction and sentence (which was affirmed), issued on March 8, 2011. *Vallar*, 635 F.3d 271. Vallar had ninety days to file a petition for writ of *certiorari* with the United States Supreme Court. U.S. Sup. Ct. R. 13. No petition for review was filed. The clock begins to run on the one-year limitations period when the time expires for filing a petition for *certiorari*. *Clay v. United States*, 537 U.S. 522, 525 (2003). As such, the one-year statute of limitations period began to run on June 7, 2011, and ended on June 7, 2012.

Vallar's Initial Motion was filed on January 24, 2012, within the statutory time frame. The Amended Motion, filed on October 9, 2012, falls outside the statute of limitations period. Therefore, to determine if the Amended Motion was timely filed, Fed. R. Civ. P. 15(c) must be considered as to whether the relation-back doctrine applies. Rule 15(c)(1)(B) provides that pleading amendments relate back to the date of the original pleading when the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." In the context of *habeas* petitions, a firm one-year timeline was created in order to "advance the finality of criminal convictions." *Mayle v. Felix*, 545 U.S. 644, 663 (2005); s*ee Rhines v. Weber,* 544 U.S. 269, 276 (2005). The "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle,* 545 at 659. The relation-back doctrine is not broadly applied to allow

any claims related to the trial, conviction, or sentence to relate back to the initial pleading. "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, [the] limitation period would have slim significance." *Id.* at 662.

While the Seventh Circuit has not addressed how the Rule 15 "relation back" standard applies to an amended *habeas* asserting a new claim of ineffective assistance, other courts have held that one ineffective assistance claim does not automatically relate back to another. *See, e.g., United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims."); *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006) (finding that claims relating to trial testimony and cross-examination did not relate back to claim about admission of evidence); *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) ("a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance."); *see also U.S. ex rel. Delaola v. Pillow*, No. 10 CV 665, 2011 WL 2200088, at *20 (N.D. Ill. June 3, 2011) (petitioner's new claim of ineffective assistance was not sufficiently related to original claim of ineffective assistance).

In this case, Vallar's newly raised claim in his Amended Motion that his counsel allegedly provided ineffective assistance of counsel because he failed to advise Vallar about the benefits of a plea deal does not share a "common core of operative facts" with the four specific claims of ineffective assistance of counsel pled in his Initial Motion: (1) failing to file a severance motion, (2) failing to file a speedy trial motion, (3) failing to challenge an agent's testimony at trial, and (4) failing to challenge the drug quantity attributable to the defendant at

6

sentencing. Not one of those claims regarding trial and sentencing issues relates to Vallar's present claim that his counsel was ineffective because he failed to advise Vallar of the advantages of a pretrial guilty plea. Because Vallar's newly raised claim does not relate back to, and is distinct from, his previous claims of ineffective assistance in his Initial Motion, Vallar's Amended Motion is time-barred.

Vallar also asserts that the recent United States Supreme Court rulings in *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler*, 132 S. Ct. 1376, operate to extend the statute of limitations period. However, to do so, the cases must establish a new rule of constitutional law. *See* 28 U.S.C. § 2255(h)(2). Both cases involved a failure to communicate a plea offer for a lower sentence than the defendant actually received. But, the Seventh Circuit has held that neither *Frye* nor *Lafler* announced a new rule of law. *Hare v. United States*, 688 F.3d 878, 878-79 (7th Cir. 2012). "The *Frye* Court merely applied the Sixth Amendment right to effective assistance of counsel according to the test first articulated in *Strickland*, and established in the plea-bargaining context in *Hill*." *Id*. (citations omitted).

Because a new rule was not established in neither *Frye* nor *Lafler*, Vallar's Amended Motion, filed in October 2012, roughly four months after the statute of limitations ran, was untimely. As such, Vallar's petition for relief pursuant to 28 U.S.C. § 2255 is denied.

*Certificate of Appealability*

"When the district court denies a *habeas* petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

7

*McDaniel*, 529 U.S. 473, 484 (2000). In this case, a plain procedural bar is present, and a reasonable jurist would not find it debatable whether Vallar's Amended Motion should be dismissed as untimely. For this reason, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, Vallar's Amended Motion for relief pursuant to 28 U.S.C. § 2255 [9] is denied.

Date:___June 19, 2013_____  _____
JOHN W. DARRAH
United States District Court Judge